UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Paine, Jr., #23257-018, | ) C/A No. 2:05-3454-RBH-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| United States Department of Justice; Bureau of Prisons; and Warden M. Pettiford, | ) |
| Defendant(s). | ) |

This is a civil rights action filed by a federal prison inmate *pro se.*[1] In a brief, two-page Complaint, Plaintiff seeks "punitive damages for personal injury in the amount of $85, 000.00" from three Defendants based claims of personal injury arising fromon an alleged attack against Plaintiff by a fellow inmate. According to Plaintiff, the attack occurred on July 20, 2005, at FCI-Bennettsville in the presence of a corrections officer who is not named as a Defendant in this case. Plaintiff alleges that the corrections officer was aware that the fellow inmate had planned to assault Plaintiff.

Plaintiff states that "[t]his is a civil rights action . . . for damages under the Federal Torts Claims Act . . . ." He also claims that unknown "staff members at FCI Bennettsville" were guilty of "violating the Plaintiff's Fifth and Eighth Amendment rights to the United States Constitution." Complaint, at 1. Plaintiff's Complaint does not contain any information about whether Plaintiff has exhausted his BOP administrative remedies as to his claims. This missing information is fatal to his case, whether it is considered as a claim for damages for constitutional violations under the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

Bivens Doctrine,[2] or whether it is considered a claim of negligence under the Federal Torts Claim Act (FTCA).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

---

[2] *See* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-20 & n. 30 (1982). Case law involving section 1983 claims is applicable in Bivens actions and *vice versa*. *See* Farmer v. Brennan, 511 U.S. 825 (1994); *see also* Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-23 & n. 5 (4th Cir. 1988); Tarantino v. Baker, 825 F.2d 772, 773-75 & n. 2 (4th Cir. 1987).

If Plaintiff's stated intention to pursue this case as one under the FTCA is true, his failure to inform the Court about his efforts to exhaust his administrative remedies under that Act before filing suit is fatal to this case. Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. See United States v. Mitchell, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants because, assuming those officers/employees are sued in their official capacity, they are, essentially, performing the responsibilities of the United States itself and thus are entitled to immunity as well. See Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Cf. Hawaii v. Gordon, 373 U.S. 57, 58 (1963).

One of the few areas in which the United States government has waived its sovereign immunity is in the area of personal injuries allegedly caused by government officials or employees. Under specific and limited circumstances, an injured party may sue the United States for damages alleged caused by an agency such as the Department of Justice or the Bureau of Prisons pursuant to the FTCA.[3] If this Court treats this case as one brought under the FTCA, all Defendants, a federal official and two federal agencies, represented in such suit by the United States,[4] would be entitled to summary dismissal because there is no indication that Plaintiff complied with FTCA pre-suit requirements. See Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975).

---

[3] See 28 U.S.C.§ 1346, 2674. The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). Also, the burden is on the plaintiff in a FTCA case to prove he/she completed all the conditions precedent to filing a lawsuit. See Kielwien v. United States, 540 F.2d 676, 679 (4th Cir. 1976)

[4] Suit under the FTCA lies only against the United States. The Department of Defense, named as Defendant, may be sued directly on claims brought under 28 U.S.C. s 1346(b). Rather, it is expressly provided that "(t)he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ." 28 U.S.C. s 2679(a). The Department of Defense seems plainly to be a 'federal agency' within the broad definition of that term provided in 28 U.S.C. s 2671 (including 'corporations primarily acting as instrumentalities or agencies of the United States'). Cf. Edelman v. Federal Housing Administration, 382 F.2d 594, 596 (2d Cir. 1967).

3

For example, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; and the "STANDARD FORM 95[.]" Plaintiff's Complaint makes no mention of the filing of any administrative claim based on his allegations of fellow inmate assault with the United States Department of Justice, the Federal Bureau of Prisons (BOP), or with any other federal agency prior to the filing of this lawsuit. Since the Complaint does not contain information showing that Plaintiff strictly complied with the requirements of 28 U.S.C. § 2675 and other relevant conditions precedent, any potential FTCA claim in this case is barred.     *See generally* Diane M. Allen, Annotation, When Is Claim Properly Presented to Federal Agency, under 28 U.s.c.a. § 2675(a), for Purposes of Satisfying Prerequisite to Subsequent Suit under Federal Tort Claims Act , 73 A.L.R.Fed. 338 (2004).

The first step in the FTCA process is an administrative filing under 28 U.S.C. § 2675(a):

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

**Under 28 U.S.C. § 2401 the claim must be filed within two years of the occurrence.**

The Federal Bureau of Prisons has adopted a Program Statement (PS) which explains, clearly and in detail, the procedure by which inmates may recover monetary damages for personal injury sustained while in custody. PS 1320.06 ("Federal Tort Claims Act"), Paragraph 7 ("Filing a Claim") describes the procedure for obtaining and filing a claim form (SF-95). Among the items required on the SF-95 is a "sum certain" (i.e., a specific amount of money). This information is mandatory, as the United States Court of Appeals for the Fourth Circuit explained in Kokotis v. United States Postal Service, 233 F. 3d 275, 278 (4th Cir. 2000)(citations omitted):

4

An administrative claim must be properly presented. The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), *and* "a claim for money damages *in a sum certain*..." 28 C.F.R. § 14.2(a)(1999) (emphasis added); *see also* 39 C.F.R. § 912.5(a) (1999). Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over a subsequently filed FTCA suit.

Because FTCA is a waiver of sovereign immunity, careful compliance with procedural requirements – such as filing of the administrative claim – is not only mandatory but is also "jurisdictional and may not be waived." Henderson v. United States, 785 F. 2d 121, 123 (4th Cir. 1986). *See also* Kielwien v. United States, 540 F. 2d 676, 679 (4th Cir. 1976).

Moreover, if this Court were to consider Plaintiff's case as one filed pursuant to the Bivens Doctrine, the same deficiency in pleading is evident, and Plaintiff's case should be dismissed because he has failed to allege that he exhausted his BOP administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996 [5] (the "PLRA"), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions[6] under section 1983 of this title, or any

---

[5] Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

[6] The PLRA does not define the term "prison conditions" for use in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). *See* Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (specifically requiring exhaustion of plaintiff's equal protection claim). The Second Circuit derives its definition from existing case law, defining prison conditions as "'those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like,'" including "action affecting the prisoner [that] was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population." Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)). Both of these definitions encompass Plaintiff's claims herein.

5

other Federal law, by a prisoner[7] confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his Bivens claim in this Court, he must first exhaust his administrative remedies. See Booth v. Churner, 532 U.S. 731 (2001). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense and not a jurisdictional infirmity in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the Court, *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Correctional Health Services, Inc, 407 F. 3d 674, 683 (4th Cir. 2005).

If Plaintiff wishes to address his grievances about the attack by the fellow inmate to the BOP, he may do so within the BOP administrative review system, *see* 28 C.F.R. § 542 *et seq.* Under BOP regulations, an inmate must first complete an informal resolution of his complaint. *See* id. § 542.13. The regulations permit an inmate to then "seek formal review [from the Warden] of an issue which relates to any aspect of [his] confinement." Id. § 542.10; *see* id. § 542.14. An inmate who is not satisfied with the Warden's response may appeal his complaint to the BOP's Regional Director. *See* id. § 542.15(a). "Finally, the inmate may appeal his case to the General Counsel in the Central Office of the Bureau of Prisons, which is the 'final administrative appeal.'" Garrett v. Hawk, 127 F.3d 1263, 1266 (4th Cir. 1997) (quoting 28 C.F.R. § 542.15(a)).

Finally, even if Plaintiff has exhausted his BOP administrative remedies required for the filing of a Bivens action, to the extent that it is considered a Bivens case, this case is still subject to summary dismissal because Plaintiff has failed to name any Defendant who/which was personally involved in the situation which Plaintiff claims resulted in the violation of his

---

[7]Subsection (h) defines "prisoner" to mean, in pertinent part, "any person incarcerated or detained in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" Id. § 1997e(h) (emphasis added). Thus, exhaustion of administrative remedies is also required of pretrial detainees.

6

constitutional rights. Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983/Bivens cases under the doctrines of respondeat superior or vicarious liability[8] which has been enunciated in cases such as Slakan v. Porter, 737 F.2d 368, 370-75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for frivolity in this case. The Slaken exception is not adequately pled in this case, even under a very liberal construction of Plaintiff's allegations, because there are no allegations at all against any of the Defendants, and there are certainly no allegations from which any viable supervisory liability claim could be construed against any of them. As stated above, within the body of the Complaint, Plaintiff named a BOP employee who allegedly knew about the fellow inmate's intention to harm Plaintiff; however, Plaintiff did not name that person as a Defendant in the case. He does not allege anywhere in the Complaint that any of the named Defendants were aware of the allegedly unconstitutional activities of that individual employee or that they had any opportunity to prevent the activities. Thus, Plaintiff has not alleged any "pervasive and unreasonable risk of harm from *some specified source* . . . " nor has he alleged that any of the named Defendants' "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],' " 737 F.2d at 373 (emphasis added), as required to state a viable claim of supervisory liability in § 1983/Bivens cases. See Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994). Since there are no allegations of any individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on the part of any of the named Defendants, Plaintiff's Complain, if construed as a Bivens case, is both frivolous and fails to state a claim on which relief can be granted. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless);

---

[8]Although Plaintiff does not state what, if any, professional relationship any of the Defendants may or may not have with any individual who might have personally violated the United States Constitution in their dealings with Plaintiff, it can be judicially noticed that both Defendant Pettiford could be considered a "supervisor" with respect to BOP employees and/or officers employed at FCI-Bennettsville.

7

Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

December 21, 2005
Charleston, South Carolina

8

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

9